IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC DENNIS,                                )
                          Plaintiff,        )
                                            )
      vs.                                   )        Civil Action 13-1523
                                            )        Chief Magistrate Judge Maureen P. Kelly
ERIC JOHNSON; MR. NEILEIGH; MR.             )
RUVO; MR. DAVIS; MR. PARKER; MR.            )
HARBURGH, *in their individual capacity,*   )        Re: ECF No. 19
                          Defendants.       )

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Eric Dennis ("Plaintiff"), is an inmate in the custody of the Pennsylvania

Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional

Institution at Fayette ("SCI Fayette"). Plaintiff brings this civil rights action against Defendants

Eric Johnson, Mr. Neileigh, Mr. Ruvo, Mr. Davis, Mr. Parker, and Mr. Harburgh (collectively,

"Defendants"), all of whom are employed by the DOC at SCI Fayette, alleging that they failed to

protect him from assault by his cellmate in violation of his rights provided by the Eighth

Amendment to the United States Constitution.[1]

Presently before the Court is a Motion to Dismiss for Failure to State a Claim, ECF No.

19, submitted on behalf of Defendants. For the reasons that follow, the Motion will be denied.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has alleged in the instant Complaint that he shared a cell with inmate Darrel

---

[1] Although Plaintiff also claims that Defendants' actions violated his rights provided by the Fourteenth Amendment, it is well established that where "a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010), *quoting* United States v. Lanier, 520 U.S. 259, 272 n.7 (1997). See Goldhaber v. Higgins, 576 F. Supp. 2d 694, 727 (W.D. Pa. 2007). Plaintiff has acknowledged that his Fourteenth Amendment claims are encompassed by, and would be duplicative of, his more particular Eighth Amendment claims, and thus has voluntarily withdrawn his Fourteenth Amendment claims. See ECF No. 34, p. 1 n.1.

Matthews ("Matthews"), and that Matthews stole some items that Plaintiff had purchased from the commissary. Plaintiff alleges that, after he reported the incident to Defendants, tensions arose between Plaintiff and Matthews and that, despite the fact that Defendants were aware of Matthews' "explosive behavior" and his history of assaults, Defendants ignored Plaintiff's request to be removed from the cell until the tension subsided. Plaintiff claims that, at some point after he confronted Matthews about the stolen items, Matthews was released into the yard and returned with some bricks. Matthews allegedly used the bricks to assault Plaintiff causing injury to his head. Plaintiff was subsequently transported to an outside hospital for treatment where he received staples and stitches to close his head wound. See ECF No. 4.

Plaintiff, proceeding *pro se*, initiated this action on October 21, 2013, and the Complaint was filed on December 9, 2013. See ECF Nos. 1, 4. On March 10, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 19. Thereafter, on March 26, 2014, and again on April 23, 2014, Plaintiff filed Motions to Appoint Counsel. ECF Nos. 22, 29. Upon consideration of the Motions to Appoint Counsel and the response to the Motions submitted by Defendants, the Court granted Plaintiff's request that counsel be appointed in a Memorandum Order dated May 5, 2014. ECF No. 30. Counsel was appointed on May 5, 2014, and on May 21, 2014, counsel entered his appearance on behalf of Plaintiff. ECF Nos. 31, 32. On July 7, 2014, counsel filed a Response to Defendants' Motion to Dismiss. ECF No. 34. As such, the Motion is ripe for review.

II.    STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to

the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not

accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set

forth in the complaint.  See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d

126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.

1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to

raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265,

286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly

dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim

to relief that is plausible on its face," id. at 570, or where the factual content does not allow the

court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cnty. of Allegheny, 515 F.3d 224,

231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation

of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts

suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation

that discovery will reveal evidence of the necessary element[s] of his claim").  Nevertheless, a

*pro se* complaint is entitled to more deference than a counselled complaint and thus the court

"should construe the complaint liberally and draw fair inferences from what is not alleged as

well as from what is alleged."  Richardson v. Folino, 2012 WL 6552916, at *4 (W.D. Pa. Dec.

14, 2012).

## III.   DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which

provides that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 provides remedies for deprivations of rights established in the

Constitution or federal laws.  It does not, by its own terms, create substantive rights."  Kaucher v.

Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145

n.3 (1979) (footnote omitted).  Thus, in order to state a claim for relief under Section 1983, the

plaintiff must allege facts from which it could be inferred that "the defendant, acting under color

of state law, deprived him or her of a right secured by the Constitution or the laws of the United

States."  Id. at 423.  Here, Plaintiff has alleged that Defendants violated his rights provided by

the Eighth Amendment by failing to protect him from Matthews.

It is well established that included within the Eighth Amendment's ambit is a duty upon

prison officials to "protect prisoners from violence at the hands of other prisoners," and that the

prison official's conduct is measured against the well-known standard of "deliberate

indifference."  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  See Jones v. Day, 2007 WL

30195, at *3 (W.D. Pa. Jan. 4, 2007).  Deliberate indifference requires consciousness of a risk;

that is, the official must be "subjectively aware of the risk."  Farmer v. Brennan, 511 U.S. at 833-

847.  Thus, in order to succeed on a failure to protect claim under the Eighth Amendment, a

prisoner must show that: (1) he was incarcerated under conditions posing a substantial risk of

serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (3) the defendant actually drew this inference; and (4) the defendant deliberately disregarded the apparent risk.  Id. at 834-37.  See Jones v. Day, 2007 WL 30195, at *3 ("[i]t is not an objective test for deliberate indifference; rather, the court must look to what the prison official actually knew, rather than what a reasonable official in his position should have known").  See also Jones v. Beard, 145 F. App'x 743, 745 (3d Cir. 2005); Schaffer v. Wilson, 2007 WL 589023, at **3-4 (W.D. Pa. Feb. 20, 2007).

It therefore follows that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).  Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  See Ruff v. Health Care Adm'r, 441 F. App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have some personal involvement in the underlying unconstitutional conduct").  See also Kaucher v. County of Bucks, 455 F.3d 418, 432 n.7 (3d Cir. 2006), *quoting* Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d Cir. 2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights").

Liability, therefore, "cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d at 353, *quoting* Rode v. Dellarciprete, 845 F.2d at 1207. See Baraka v. McGreevey, 481 F.3d at 210 (a supervisor can only be held liable if his or her own actions resulted in the constitutional injury).  Rather, supervisory liability will be found only

where, "with deliberate indifference to the consequences, [the supervisor] 'established and maintained a policy, practice or custom which directly caused the constitutional harm,'" or where he or she "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Plouffe v. Cevallos, 2012 WL 1994785, at *4 (E.D. Pa. June 1, 2012), *quoting* Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010). See Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011). Under either theory, there must be both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate. Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988), *impliedly overruled on other grounds by* Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993).

Defendants argue that Plaintiff's claims should be dismissed because Plaintiff has failed to allege sufficient facts in the Complaint to show that any of them were personally involved in the alleged wrongdoing. The Court, however, finds that Plaintiff has alleged sufficient facts in the Complaint to survive a motion to dismiss.

Indeed, Plaintiff has alleged that all of the Defendants were aware that Matthews had stolen Plaintiff's commissary items and that tension between the two arose when Plaintiff confronted Matthews about the theft. ECF No. 4, pp. 2-6. Plaintiff also alleges that all of the Defendants were aware that Mathews had an "explosive behavior" and a history of prior assaults. Id. at pp. 2, 7. In addition, Plaintiff claims that he asked all of the Defendants to remove him from the cell until the tension between him and Matthews subsided but that Defendants refused to do so. Id. at p. 6. See id. at pp. 2-4. Plaintiff claims that, as a result of Defendants' failure to

act, he was assaulted by Matthews requiring him to be taken to an outside hospital for treatment. Id. at pp. 2, 6-7. Plaintiff further alleges that, armed with first-hand information of Matthews' previous assaults, Defendants should have removed Plaintiff from the cell and that their failure to do so was not only deliberate and intentional but violated his right to be free from physical harm. Id. at pp. 2, 3, 7.

The Court finds that these facts, viewed in the light most favorable to Plaintiff, permit the inference that Defendants had actual knowledge of a substantial risk of harm to Plaintiff and acquiesced in that knowledge by failing to take steps to ensure Plaintiff's safety. Plaintiff therefore has set forth enough facts suggesting personal involvement on the part of Defendants and thus has stated a plausible Eighth Amendment claim for failure to protect.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 19, will be denied. Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 21st day of October, 2014, upon consideration of Defendants' Motion to Dismiss for Failure to State a Claim and Plaintiff's Response to Defendants' Motion to Dismiss,

IT IS HEREBY ORDERED that the Motion, ECF No. 19, is denied.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc:     All Counsel of Record Via CM-ECF